NICHOLS KASTER, LLP
Matthew C. Helland, CA Bar No. 250451
helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Phone: (415) 277-7235
Fax: (415) 277-7238

NICHOLS KASTER, PLLP
E. Michelle Drake, MN Bar No. 0387366*
drake@nka.com
Megan D. Yelle, MN Bar No. 0390870*
myelle@nka.com
John G. Albanese, MN Bar No. 0395882*
jalbanese@nka.com
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 338-4878
*admitted *pro hac vice*

Attorneys for Individual and Representative Plaintiffs
[Counsel for Defendant listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LASANDRA HILLSON, STEVEN BOHLER, and ASHLEY SCHMIDT, individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>KELLY SERVICES, INC.,<br><br>Defendant. | Case No.: 3:14-cv-03256-VC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Courtroom: 4<br>Judge: Honorable Vince Chhabria<br>Complaint Filed: July 18, 2014 |

WHEREAS, the parties agree that good cause exists to protect the confidential, proprietary, and/or private nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns consumer reports and background checks that may contain highly personal and

STIPULATED PROTECTIVE ORDER, Case No. 3:14-cv-03256-VC

sensitive information regarding criminal and employment history, and concerns the policies, procedures, and other confidential and/or proprietary trade secret information of the Defendant.  The parties may exchange documents and information relating to the consumer reports and/or criminal histories of putative class members, Defendant's policies and procedures for procuring or using that information, and other highly sensitive personal and business information.  The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. **Scope of Order**.  This Order governs the use, handling, and return or destruction of documents, electronic information in any form (including embedded data and metadata), testimony, discovery responses, and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced by any of the litigants or third parties in these litigation proceedings.  The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.

2. **Designation of Confidential Material**.  The producing parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, electronic information, testimony, written responses, or other materials (collectively, "Confidential Material") produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.

If Confidential Material, portions of documents deemed "Confidential," or any papers containing or making reference to Confidential Material, are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS

CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 4 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

3. **Filing Confidential Material With the Court**. Confidential Material subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 2 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

4. **Persons Who May Access Confidential Material.** Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c.    Any party to this action who is a Named Plaintiff in the putative class, and every employee, director, officer, or manager of any party to this action,

but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court or engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming, computer or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action.

i. Witnesses during depositions.

5. **Application of this Agreement to Persons With Access to Confidential Material.** Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 4(c), 4(d), 4(f), 4(g), 4(h), or 4(i) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Before any such person is shown any Confidential Material, that person must be shown a copy of this Order and instructed that he or she is bound by its provisions.

6. **Production of Documents and Other Material Containing Confidential Material.** The designation of Confidential Material for the purposes of this Agreement shall be made in the following manner:

(a) In the case of documents and written discovery responses, by affixing the

-4-

legend "Confidential" to each page containing any Confidential Material.

(b) In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "ESI"), by designating the ESI as Confidential in a cover letter accompanying the production of the ESI. Where feasible, counsel for the producing party will also mark the disk, tape or other electronic media on which the ESI is produced with the appropriate designation. If a party reduced Confidential ESI to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any Confidential Data is copied, all copies shall be marked with the appropriate designation.

(c) In the case of depositions or other pre-hearing testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the Parties within sixty calendar days after receipt of the transcript of the deposition. All transcripts shall be considered Confidential and subject to this Agreement until expiration of that sixty-day period. All videotapes of depositions shall be clearly labeled Confidential, as appropriate pursuant to this Agreement.

(d) To the extent that a person described in Paragraph 4 creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Confidential Material, such person shall take all necessary steps to insure that access to any Confidential Material is restricted to those persons who, by the terms of this Agreement, are allowed access to the Material.

7. **Use of Confidential Material at Depositions**. Counsel for any Party may use Confidential Material to prepare and examine fact witnesses (a) who are currently employed by the Producing Party, (b) who were employed by the Producing Party at the time the Material was created, (c) who created or received the Material, or (d) who have agreed in writing, served on Counsel for all Parties, to be bound by the provisions of this Order. With respect to witnesses testifying at deposition, the party wishing to use Confidential Material at deposition shall inform the deponent that he or she is bound by

the Order of the Court and shall not discuss the content of any Confidential Material outside the deposition without first obtaining leave of Court to do so.

8. **Use of Electronic Files or Documents.** When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to a party's expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

9. **Use of Confidential Material in Motions or at Hearing**. Confidential Material may be filed with the Court in support of motions or otherwise provided that the party seeking to file or use the materials first either: a) confers with the producing party to determine if redaction will satisfy all confidentiality concerns; or b) seeks the Court's permission to file the materials under seal.

10. **Discussion of Confidential Material.** Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 4, as appropriate, for that portion of the deposition, hearing or pre- trial proceeding.

11. **Protected Material Subpoenaed or Ordered Produced in other Litigation.** If a party is served with a served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," that party must notify the designating party, in writing (by fax if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The party receiving the subpoena or order must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the party receiving the subpoena or order must deliver a copy of this Protective

1  Order promptly to the party in the other action that caused the subpoena or order to issue.

2  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and afford the party that designated the materials in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The party that designated the materials shall bear the burdens and the expenses of seeking protection in that court of its confidential materials — and nothing in these provisions should be construed as authorizing or encouraging a party receiving materials in this action to disobey a lawful directive from another court.

9  **12.  Unauthorized Disclosure of Protected Material.**  If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protective material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the agreement attached as Exhibit A.

17  **13.  Removal of Confidential Designation.**  Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall give written notice to the producing party that it objects to the designation.  Such notice shall specifically identify the Material at issue and state the reason for questioning the confidentiality designation.  The objecting party shall confer with counsel for the designating party in good faith to resolve any such dispute.  As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. A party who disagrees with another

party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

14.     **Inadvertent Failure to Designate.**  The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential."  The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.  Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

15.     **No Waiver of Privilege.**  If information subject to a claim of attorney-client privilege, work product protection, privacy, confidential and/or proprietary trade secret protection, or any other privilege or immunity, is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection, privacy, or other ground to which any producing party would otherwise be entitled.  Specifically, no waiver of the attorney-client privilege, attorney work product protection, privacy, proprietary trade secret protection, or immunity shall have occurred when the production of the information was inadvertent.

16.     **Return or Destruction of Confidential Material.**  Upon the request of

1  the producing party or third party, within 60 days after the termination of this action,
2  whether by settlement or exhaustion of all appellate rights, the parties and any person
3  authorized by this Protective Order to receive confidential information shall return to the
4  producing party or third party, or destroy, all information and documents subject to this
5  Protective Order.  Returned materials shall be delivered in sealed envelopes marked
6  "Confidential" to respective counsel.  The party requesting the return of materials shall
7  pay the reasonable costs of responding to its request.  Notwithstanding the foregoing,
8  counsel for a party may retain archival copies of confidential documents.  The parties shall
9  not be required to search and destroy, or return, emails which may reference, contain, or
10 have as an attachment, confidential materials, provided that the party maintains a secured
11 email system.

12        17.    **No Waiver of Right to Object.**  This Protective Order shall not
13 constitute a waiver of any party's or non- party's right to oppose any discovery request or
14 object to the admissibility of any document, testimony or other information.

15        18.    **Modification of this Agreement**.  Nothing in this Protective Order shall
16 prejudice any party from seeking amendments to expand or restrict the rights of access to
17 and use of confidential information, or other modifications, subject to order by the Court.

18        19.    **Jurisdiction of the Court Over Protective Order.**  The restrictions on
19 disclosure and use of confidential information shall survive the conclusion of this action
20 and this Court shall retain jurisdiction of this action after its conclusion for the purpose of
21 enforcing the terms of this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

                                    NICHOLS KASTER, PLLP

Dated:  January 12, 2015              */s/ Megan D. Yelle*
                                    Megan D. Yelle (*pro hac vice*)

                                    ATTORNEY FOR PLAINTIFFS

-9-
STIPULATED PROTECTIVE ORDER, Case No. 3:14-cv-03256-VC

| | | |
|---|---|---|
| 1 | Dated: January 12, 2015 | SEYFARTH SHAW, LLP |
| 2 | | */s/ Laura J. Maechtlen* |
| | | Laura J. Maechtlen (SBN 224923) |
| 3 | | lmaechtlen@seyfarth.com |
| | | 560 Mission St, 31st Fl |
| 4 | | San Francisco, CA 94105 |
| | | Telephone: 415.397.2823 |
| | | Facsimile: 415.397.8549 |

Gerald L. Maatman, Jr. (*pro hac vice*)
gmaatman@seyfarth.com
Pamela Q. Devata (*pro hac vice*)
pdevata@seyfarth.com
131 South Dearborn St, Suite 2400
Chicago, IL 60603
Telephone: 312.460.5882
Facsimile: 312.460.7882

ATTORNEYS FOR DEFENDANT

IT IS SO ORDERED.

Dated: January 14, 2015

Hon. Vince Chhabria
United States District Judge

-10-

STIPULATED PROTECTIVE ORDER, Case No. 3:14-cv-03256-VC

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Hillson, et al. v. Kelly Services, Inc.*, Case No. 3:14-cv-03256-VC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER, Case No. 3:14-cv-03256-VC

## CONSENT TO ELECTRONIC FILING

Pursuant to General Order 45, paragraph X.B., I hereby attest that Megan D. Yelle, a registered ECF user whose user ID and password will not be utilized in the filing of the Stipulated Protective Order, concurred in the filing.

DATED:  January 12, 2015                                SEYFARTH SHAW LLP


                                                        By:      */s/ Laura J. Maechtlen*
                                                             Gerald L. Maatman, Jr. (*pro hac vice*)
                                                             Pamela Q. Devata (*pro hac vice*)
                                                             Laura J. Maechtlen

                                                             Attorneys for Defendant
                                                             KELLY SERVICES, INC.